ORIGINAL

FILED

NOV 15 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1  JONATHAN S. KITCHEN (STATE BAR NO. 80270) .
   ALI P. HAMIDI (STATE BAR NO. 191198)
2  COX, CASTLE & NICHOLSON LLP
   555 California Street
3  10th Floor
   San Francisco, CA 94104-1513
4  Telephone: (415) 392-4200
   Facsimile: (415) 392-4250
5  Email: jkitchen@coxcastle.com
          ahamidi@coxcastle.com
6
   TERRY D. JACKSON, P.C. (GEORGIA BAR NO. 386033)
7  PRO HAC VICE (pending)
   600 Edgewood Avenue
8  Atlanta, Georgia 30312
   Telephone: (404) 659-2400
9  Facsimile: (404) 659-2414
   Email: tdjackson@mindspring.com
10
11 Attorneys for Plaintiff
   TOM ZITO
12
                UNITED STATES DISTRICT COURT
13
              NORTHERN DISTRICT OF CALIFORNIA
14
                  SAN FRANCISCO DIVISION
15

16 TOM ZITO,                          Case No. **07    5805**

17            Plaintiff,

18      vs.                           **PLAINTIFF'S COMPLAINT FOR
                                      DAMAGES**
19 JUDITH BELUSHI-PISANO, an individual,
   individually and as Executrix and Administrator   **JURY TRIAL DEMANDED**
20 of the Estate of John Belushi; VICTOR PISANO,
   an individual, individually and as an
21 Administrator of the Estate of John Belushi; the
   SECOND CHANCE FOUNDATION, a
22 Massachusetts non-profit corporation; the
   BELUSHI PISANO GALLERY, a Massachusetts
23 non-profit corporation; and ST. MARTIN'S
   PRESS, LLC, a New York limited liability
24 corporation.

25            Defendants.

26

27

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO    56292\110870v7

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

BZ

1    COMES NOW Plaintiff, TOM ZITO, and, seeking a trial by jury, complains and

2  alleges against Defendants as follows:

3                                      **THE PARTIES**

4    1.    Plaintiff Tom Zito ("Plaintiff" or "Zito") is an individual, and a citizen of

5  California resident in Sausalito, Marin County, in the Northern District of California.

6    2.    Defendant Judith Belushi-Pisano ("Belushi-Pisano") is an individual, and a

7  citizen and resident of the Commonwealth of Massachusetts. Belushi-Pisano is sued in this action

8  both individually and in her representative capacity as Executor and Administrator of the Estate of

9  John Belushi.

10    3.    Defendant Victor Pisano ("Pisano") is an individual, and a citizen and resident

11  of the Commonwealth of Massachusetts. Pisano is sued in this action both individually and in his

12  representative capacity as Administrator of the Estate of John Belushi (the "Estate").

13    4.    Defendant The Second Chance Foundation ("Second Chance") is a non-profit

14  organization incorporated under the laws of the Commonwealth of Massachusetts, founded in 1991 on

15  the Island of Martha's Vineyard by Defendants Pisano and Belushi-Pisano principally from the sale of

16  memorabilia from the life of the actor John Belushi ("Belushi").

17    5.    Defendant the Belushi Pisano Gallery (the "Gallery") is a non-profit

18  organization incorporated under the laws of the Commonwealth of Massachusetts in 2005 as a

19  subsidiary of Defendant Second Chance, doing business in Vineyard Haven, Massachusetts, and

20  operated by Judith Pisano, the daughter of Defendants Pisano and Belushi-Pisano.

21    6.    Defendant St. Martin's Press, LLC ("St. Martin's) is a New York limited

22  liability company, organized under the laws of New York, with its principal place of business in New

23  York, New York. St. Martin's does business nationally, including in the Northern District of

24  California.

25    7.    Plaintiff is informed and believes, and on that basis alleges, that Defendants

26  Belushi-Pisano, Pisano, Second Chance, the Gallery and St. Martin's, and each of them, have acted in

27  concert and as agents each for the other, and that at all times mentioned herein there has been such an

28

1  identity of interests between and among those Defendants that maintaining the fiction of separate and

2  distinct identities would work an injustice.

3  **JURISDICTION AND VENUE**

4  8.  The infringement of Plaintiff's copyrighted works and other torts committed

5  against Plaintiff alleged in this Complaint occurred in the Northern District of California and other

6  locations where the work has been sold, exploited, and copied without authorization or license as

7  provided by the Copyright Act, and the Defendants have derived and continue to derive revenue from

8  the sale, promotion, and distribution of Plaintiff's work in this jurisdiction.

9  9.  Jurisdiction and venue is proper in this Court and is premised upon 28 U.S.C.

10  sections 1331 and 1338(a) arising under the Copyright Act and Copyright Revision Act of 1976 (17

11  U.S.C. sections 101 et seq.) and 28 U.S.C. section 1400(a).  Federal Copyright Act violations are

12  within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. section 1367.  Plaintiff also

13  requests that this Court exercise its supplemental jurisdiction over Plaintiff's state law tort claims

14  pursuant to 28 U.S.C. section 1367.

15  **FACTUAL ALLEGATIONS**

16  10.  In the late 1970s and early 1980s, Plaintiff worked as a journalist and

17  photographer for the Washington Post.

18  11.  As a journalist, Plaintiff interviewed and photographed numerous people,

19  including celebrities and popular icons from the 1960s, 1970s, and 1980s.  Included among those

20  interview subjects was Belushi, a personal friend of Plaintiff.

21  12.  In 1978, shortly after the release of the movie starring Belushi entitled "Animal

22  House," Plaintiff interviewed Belushi and wrote a story about him for the Washington Post.  Plaintiff

23  also took a photograph of Belushi at his then New York home for use in the article.  A true and correct

24  copy of the article (the "Article") is attached as Exhibit 1 to this Complaint, and a true and correct

25  copy of the Belushi photograph (the "Photograph") is attached as Exhibit 2 to this Complaint.

26  13.  When the Article was published, the Washington Post Company included the

27  Copyright © designation to the left of the date on Page 1 on the Friday, September 8, 1978, Final

28  Edition of the Washington Post, in which the work first appeared and was published; the Photograph

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO      56292\110870v7                        - 2 -                    PLAINTIFF'S COMPLAINT AND
                                                                                 DEMAND FOR JURY TRIAL

1    at Exhibit 2 was attributed to Plaintiff on Page D1 of the Style section of the Post for that day, as then

2    required to afford copyright protection to Plaintiff's photograph of Belushi. See Exhibits 1 & 2.

3            14.     Plaintiff also registered the Photograph with the U.S. Copyright Office, and was

4    assigned Copyright No.VA-1-176-295 (the "Copyright") for the Photograph, prior to any infringement

5    by Defendants. A true and correct copy of the Copyright is attached as Exhibit 3 to this Complaint.

6            15.     Shortly after conducting the1978 interview with Belushi, Plaintiff provided a

7    copy of the Photograph to Belushi for his personal enjoyment, and Belushi and Plaintiff remained

8    friends until Belushi's death in March, 1982.

9            16.     After Belushi's death, Plaintiff is informed and believes that Belushi's personal

10   copy of the Photograph and other personal papers of Belushi came into the possession of Defendant

11   Belushi-Pisano, and subsequently into the possession and control of Defendant Pisano in his

12   individual and representative capacity.

13           17.     In November of 2005 Defendants included a copy of the Photograph, Plaintiff's

14   copyrighted photographic work, in a book titled *Belushi: A Biography*, co-authored by Tanner Colby

15   and Defendant Belushi-Pisano, published by Rugged Land Publishing (the "Biography").

16           18.     The Biography was distributed by Defendant St. Martin's.

17           19.     Defendants Belushi-Pisano and Pisano also provided a copy of the Photograph

18   to CNN and other media outlets to use in publicizing and marketing the Biography.

19           20.     In December of 2005 a friend of Plaintiff's contacted him and informed him

20   that CNN was showing a copy of the Photograph in its broadcasts, and Plaintiff first learned of the

21   unauthorized use at that time.

22           21.     Plaintiff contacted CNN, Rugged Land, Colby and Defendants Pisano and

23   Belushi-Pisano regarding this unauthorized use of his work and the infringement of his Copyright, and

24   has reached a settlement with CNN, Rugged Land and Colby involving the infringement of his

25   Copyright and unauthorized exploitation of the Photograph.

26           22.     Defendants refuse to acknowledge their intentional and willful infringement of

27   the Copyright or that Plaintiff has any legal rights to his copyrighted work.

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO      56292\110870v7                    - 3 -                    PLAINTIFF'S COMPLAINT AND
                                                                             DEMAND FOR JURY TRIAL

23.    Defendants Second Chance and the Gallery have even had the temerity to use the head shot from the Photograph in the logo for the Gallery, and the website for that Gallery, despite Plaintiff's written request that Defendants cease any use of the Photograph.   A true and correct copy of images posted on the Gallery's website is attached as Exhibit 4.

24.    Defendants Second Chance, the Gallery, Belushi-Pisano and Pisano have also provided copies of or given unauthorized licenses for the use of the Photograph and Copyright to Daniel W. Smith individually and d/b/a popartportraitsplus.com, and Defendants and Smith have derived revenue from the unauthorized use and exploitation of the work and Plaintiff's Copyright including its display on Smith's website.  True and correct copies of Belushi images licensed to Daniel W. Smith posted on the Galley's website are attached hereto as Exhibits 5 & 6.

25.    Defendants have refused written requests that they cease the infringement of the Copyright, and any unauthorized exploitation of Plaintiff's work that continues through the filing of this Complaint.

26.    Defendants have intentionally and willfully infringed the copyrighted work of Plaintiff, and exploited that work to their economic advantage.

27.    Defendants have profited from the unauthorized exploitation of Plaintiff's work, including in the Northern District of California.

28.    Defendants individually and collectively offer copies of Plaintiff's work for sale in the Biography, and separately through the Estate and third parties yet unknown to Plaintiff.

29.    Defendants intentionally, maliciously, and in bad faith, used the Photograph without obtaining a license or requesting permission from Plaintiff for the use of the Photograph, and directly and intentionally infringed upon Plaintiff's Copyright.

30.    Inclusion of the Photograph in the Biography and the unauthorized sale of it by Defendants directly and indirectly through third parties in a form that allow those third parties to scan and download Plaintiff's Photograph in digital format, copy it, reproduce it, email it, and otherwise disseminate it, and diminish the value of this rare photograph, is in direct contravention of Plaintiff's express instructions not to use his copyrighted work.

1    31.    As a result of Defendants' infringement of the Plaintiff's copyrighted work, and

2    the dissemination of the Photograph, the value of this rare photograph has been forever diminished

3    and destroyed by Defendants.

4    32.    Defendants continue to infringe upon Plaintiff's Copyright throughout the

5    United States including the Northern District of California.

6                                    **FIRST CLAIM**

7                            **INFRINGEMENT OF COPYRIGHT**

8    33.    Plaintiff repeats the allegations of paragraphs 1 through 32 of this Complaint as

9    though fully set out here.

10    34.    Plaintiff is the legal owner of the Copyright for the Photograph. The work is

11    registered with the U.S. Copyright Office and Library of Congress as reflected in the copyright

12    documents attached to this Complaint. Defendants have copied, used, promoted, and distributed in the

13    Northern District of California and other locations throughout the United States, Plaintiff's

14    copyrighted work without accounting to Plaintiff for monies owed and due to Plaintiff for the use of

15    the work. Defendants intentionally, maliciously, and fraudulently used the work without obtaining

16    permission or appropriate license for the use of the work as required under the Copyright Act.

17    35.    Defendants continue to distribute, publish, republish, promote, and sell

18    Plaintiff's copyrighted work in digital and other formats that allows purchasers to print copies of the

19    Photograph without compensation to Plaintiff. Plaintiff has not authorized any of the named

20    Defendants in this lawsuit to use his copyrighted work for any purpose.

21    36.    As a result of the Defendants' infringing conduct, in violation of the Copyright

22    Act, Plaintiff has suffered actual damages and continues to suffer damages due to the infringing

23    conduct of the Defendants.

24                                   **SECOND CLAIM**

25                   **QUANTUM MERUIT AND UNJUST ENRICHMENT**

26    37.    Plaintiff repeats the allegations of paragraphs 1 through 36 of this Complaint as

27    though fully set out here.

28

1        38.    Defendants have profited and continue to profit from the use of Plaintiff's work,

2   without appropriately compensating him for the value of his work.  The Defendants' continued

3   exploitation of Plaintiff's work, without any compensation to Plaintiff, acts as an unjust enrichment to

4   Defendants for the unauthorized use of Plaintiff's copyrighted photograph.

5        39.    Defendants have not paid Plaintiff monies or otherwise compensated him for

6   the use of his work as required by law.

7                        **THIRD CLAIM**

8                    **THEFT BY CONVERSION**

9        40.    Plaintiff repeats the allegations of paragraphs 1 through 39 of this Complaint as

10  though fully set out here.

11       41.    Defendants knew that Plaintiff was the person who created and owns the rights

12  to the Photograph, yet they intentionally converted the Photograph to their own use and mutual benefit

13  with the intent to profit from that conversion.

14       42.    Defendants have forever converted the image of this rare photograph,

15  diminishing and destroying the economic value of Plaintiff's property.

16       43.    Defendant Gallery has also misappropriated Plaintiff's image and made it part

17  of the logo and advertisement for the Gallery, and it has been used by artists working with the

18  Defendant Gallery to make infringing derivative works of Plaintiff's Copyrighted photograph for sale

19  and distribution by Defendant Gallery and third parties.

20                       **FOURTH CLAIM**

21              **DECLARATORY/INJUNCTIVE RELIEF**

22       44.    Plaintiff repeats the allegations of paragraphs 1 through 43 of this Complaint as

23  though fully set out here.

24       45.    Plaintiff is the registered owner of the Copyright for the Photograph.

25       46.    Defendants obstinately and in violation of the Copyright Act and state law

26  protecting Plaintiff's work, refuse to acknowledge Plaintiff's ownership of the Photograph and his

27  rights to exploit his work and the Copyright for the Photograph. There exists an actual and ongoing

28

1   controversy between the Parties as to the ownership of the Photograph and Plaintiff's rights to the

2   Photograph and the validity of the Copyright.

3           47.     Plaintiff requests that the Court declare that Plaintiff is the legal owner of the

4   Photograph and Copyright, and enjoin Defendants from exploiting the Photograph and Copyright in

5   any manner.

6                                   **PRAYER FOR RELIEF**

7           WHEREFORE, Plaintiff prays as follows:

8           1.      That the Court enter a declaration that Plaintiff is the lawful owner of the

9   Photograph and the Copyright;

10          2.      That the Court issue an injunction, enjoining Defendants and all persons acting

11  through them or on their behalf, or in concert with them, from using, reproducing in any form or

12  manner, downloading, imaging, or copying the Photograph, whether in whole or in part, or making

13  works derivative from it in any form or format;

14          3.      For an accounting of the monies and profits made and received by Defendants

15  from the wrongful use and exploitation of Plaintiff's copyrighted work;

16          4.      That Plaintiff recover all compensatory damages, including statutory damages

17  that are appropriate on his Copyright claim and tort claims allowable in law without duplication of

18  damages as provided by law;

19          5.      That Plaintiff recover appropriate attorney's fees and costs for the Defendants'

20  tortious, bad faith, intentional, and fraudulent conduct plead in this lawsuit. Plaintiff seeks his

21  attorneys' fees and costs under both the Copyright Act and on his state law claims;

22          6.      That Plaintiff be awarded appropriate punitive damages against Defendants for

23  their willful, intentional, malicious, and fraudulent conduct, without cap or limitation due to the

24  specific intent to cause harm to Plaintiff as provided under California and federal law interpreting the

25  Copyright Act;

26

27

28

1         7.     For such other equitable and further relief as the Court deems just and proper.

2   DATED: November 15, 2007           Respectfully submitted,

3                     COX, CASTLE & NICHOLSON LLP

4                     Law offices of TERRY D. JACKSON, P.C.

5

6                    By: _____
                       Jonathan S. Kitchen

7                       Attorneys for Plaintiff TOM ZITO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY DEMAND

2          Plaintiff hereby demands a trial by jury on all matters, claims asserted in the Complaint

3   in this action.

4

5   DATED:  November 15, 2007                    Respectfully submitted,

6                                               COX, CASTLE & NICHOLSON LLP

7                                               Law offices of TERRY D. JACKSON, P.C.

8

9                                               By: _____

10                                                  Jonathan S. Kitchen
                                                   Attorneys for Plaintiff TOM ZITO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
SAN FRANCISCO

56292\110870v7                              - 9 -                    PLAINTIFF'S COMPLAINT AND
                                                                    DEMAND FOR JURY TRIAL

**EXHIBIT 1**

# The Weather

Today—Mostly cloudy, high in low 80s, low in 60s. Chance of rain in 10 percent through tonight. Saturday—Cloudy, high in mid 80s. Yesterday— 3 p.m. AQI 72. Details on B2.

101st Year .... No. 277

© 1978, The Washington Post Co.

# The Washington Post

FRIDAY, SEPTEMBER 8, 1978

Subscription Rates
See Box A2

## FINAL

| 128 Pages—8 Sections | | | |
| --- | --- | --- | --- |
| Classified | C 1 | Obituaries | B 6 |
| Comics | A18 | Religion | B 7 |
| Editorials | A12 | Sports | D 1 |
| Metro | | Style | D 1 |
| Inside: Weekend | | | |
| Amusements, Page 14 | | | |
| Gardens, Page 31 | | | |

15c

# Carter Names Kirbo to Monitor GSA Probes

By Ronald Kessler
Washington Post Staff Writer

President Carter has asked attorney Charles H. Kirbo, his closest friend and unofficial adviser, to monitor the current investigations of the General Services Administration, The Washington Post has learned.

"The president has asked Mr. Kirbo to help in supervising the GSA investigation," Rex Granum, deputy White House press secretary, said when asked yesterday about Kirbo's role. He will be advising the president on it, indicating the importance the president places on the matter.

Kirbo "will be talking to Justice people, is warranted," Granum said, and presumably will be receiving information from Justice on the investigations.

Reached at his home in Atlanta last night, Kirbo said he already has, according to the sources, questioned the propriety of a private citizen monitoring ongoing federal investigations. One official noted that federal law prohibits divulgence of grand jury testimony to anyone not involved in prosecuting those under investigation. "We could not give such information to Mr. Kirbo," the official said.

Kirbo said last night, however, that "there's no problem." Asked if he would be receiving information from grand jury testimony, Kirbo said, "I don't want to know anything about that."

Another Justice Department official wondered whether Kirbo's assignment is an indication that President Carter

have not been informed of Kirbo's role.

Justice Department officials, according to the sources, questioned the propriety of a private citizen monitoring ongoing federal investigations. One official noted that federal law prohibits divulgence of grand jury testimony to anyone not involved in prosecuting those under investigation. "We could not give such information to Mr. Kirbo," the official said.

questions the ability of the Justice Department to handle the GSA cases and report on their progress.

Asked about this yesterday, Granum at the White House said, "The president very much trusts Kirbo's judgment to give advice on it."

A spokesman for Attorney General Bell said Bell has quite a different understanding that Kirbo is the attorney general's man."

Kirbo has been asked to counsel (GSA Administrator) Jay Solomon on whatever needs to be done at GSA," said Terrence B. Adamson, a special assistant to Bell.

Although Kirbo frequently talks with Bell on a range of matters, Adamson said. "This ... Kirbo's new

assignment) has nothing to do with Justice."

Carter asked Kirbo to assume his new role Monday after Carter discussed the GSA investigations at the White House with Solomon and Deputy Attorney General Benjamin R. Civiletti, who heads Justice's criminal division. Carter told Civiletti on Monday he wants "bigger fish" involved in the scandal prosecutions.

Carter called the surprise meetings with Civiletti and Kirbo, according to a source, after he read in Sunday's Washington Post that one GSA official thought that, under political pressure, Carter might pardon GSA officials who broke the law.

See GSA, A6, Col. 1

CHARLES B. KIRBO
....already talked to Justice officials

# President Summit Pace Accelerates

## Sadat, Begin, Carter Meet for Five Hours In the Second Day

By Edward Walsh
and Jim Hoagland
Washington Post Staff Writers

THURMONT, Md. — President Carter sharply accelerated the pace of the Middle East summit yesterday, establishing with Israel's Menachem Begin and Egypt's Anwar Sadat a pattern of meetings that suggested efforts to negotiate a Middle East settlement...

—Sources said yesterday that federal prosecutors in Washington and Baltimore, who are directing the two major grand jury investigations of GSA,

# Defense Bill Veto Upheld in Major Victory for Carter

By George C. Wilson
Washington Post Staff Writer

President Carter won a big victory yesterday when the House voted 206 to 191 to uphold his veto of a $37-billion defense authorization bill.

...by attempting to override the veto and fell 74 votes short of the required two-thirds.

Carter said he vetoed the bill because it provided for a nuclear-powered "Nimitz-class aircraft carrier that he did not want and because Congress... vital to the national defense. Carter is planning a "string of vetoes" as part of his new anti-inflation program.

# Moscow Court Gives Crawford Suspended Term

By Kevin Klose
Washington Post Foreign Service

MOSCOW—American businessman Francis Jay Crawford was convicted yesterday on currency and black-market money dealings by a Moscow city court. He received a suspended, five-year labor camp sentence that allows him to leave the Soviet Union...

The Washington Post

# STYLE

FRIDAY, SEPTEMBER 8, 1978

### Entertainment / The Arts / Comics

D1

## The Lure of The Forbidden

### Nice Try, but You Can't Legislate Those Rich Passions of Youth

By Henry Allen

Where monkey glands, oysters, ginseng and vitamin B injections have failed us, the Prince George's County Council is trying to pass legislation to bring back the rich passions of youth.

On Tuesday, it wrote under-the-counter magazines into law.

No doubt council members will assure voters that they were actually banning Playboy, Penthouse, Hustler et al. from public display, along with forbidding their sale, under or over the counter, to kids under 18.

In any case, the wonderful bedazzlement of their gesture can't help but leave us what we've had, nowadays.

Once, being 14 and wanting to look at these magazines meant that you had to go down to the bus station and buy them from the old newsstand guy with the phlegmy chuckle, and the fingers crippled by arthritis, picking the change across the counter with the same fingers...

*See MAGAZINES, D2, Col. 1*



By Tom Zito

## 'The Sleaze' Is Pleased

### John Belushi, the Incorrigible Hulk, Devours Each Ounce of Fame

By Tom Zito

NEW YORK—The busboy is spilling the water over as he pours it, staring at this hulk of a man ensconced in the corner booth.

"Ahhhh, excuse me," he finally says in good Brooklynese. "But, uh, are you any relation to John Belushi?"

*See BELUSHI, D7, Col. 1*

COLLEGE

John Belushi, left, as "Saturday Night Live" samurai, above left; and as Bluto Blutarsky in his film "Animal House"

# John Belushi Is Finding Fun in His New Movie-Star Fame

BELUSHI, From D1

**Direct Import**

Save 15% on Hanes Support Hosiery with Lycra® spandex

Friday, September 8, 1978   D.7

# John Belushi Is Finding Fun in His New Movie-Star Fame

Friday, September 4, 1981   D.7

*BELUSHI, From D1*

### First Date

### Thoughtful Mind

### People Forget

### Last Chance

**Direct Import**

Save 15% on Hanes Support Hosiery with Lycra® spandex.

**EXHIBIT 2**



**EXHIBIT 3**



### Help    Search    History    Titles    Start Over

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = zito tom
Search Results: Displaying 35 of 77 entries





### *John Belushi.*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001176295 / 2002-06-28
**Title:** John Belushi.
**Description:** Photo.
**Copyright Claimant:** Tom Zito, 1948-
**Date of Creation:** 1978
**Date of Publication:** 1978-09-08
**Copyright Note:** C.O. correspondence.
**Names:** Zito, Tom, 1948-

| Save, Print and Email (Help Page) | |
|---|---|
| Select Download Format: Full Record 🔽 | Format for Print/Save |
| Enter your email address: | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about
Copyright | Copyright Office Home Page | Library of Congress Home Page

**EXHIBIT 4**



  

Please click on the refresh button to view alternate images.





**Gallery Hours:**

**October 1, 2007 Until April 2008:**

**Fri., Sat., & Sun. (10am to 5pm)**

Sign up for our
Email Newsletter

Privacy by ☑ **SafeSubscribe**℠



18 State Road
(on the corner of State & Main)
Vineyard Haven, MA 02568
Tel: 508.696.8988 / Fax: 508.696.8989
Email: info@belushipisanogallery.com

copyright © BelushiPisanoGallery.com all rights reserved
website design by goffgrafix.com of Martha's Vineyard

Exhibit 5

# DANIEL SMITH



**"Warhol Style Belushi Portrait"**
Layout style: Warhol Style Four-panel Portrait
Size: A variety of sizes and layouts are offered online at
popartportraitsplus.com
Medium: giclée canvas or enhanced matte paper
Priced according to size, layout and printing media
Place your order online at popartportraitsplus.com (check the
Belushi Pisano Gallery button
when you upload your fotos, or bring your fotos to the Gallery)
Warhol style limited edition fine art print of John Belushi offered
exclusively through the
Belushi Pisano gallery

Previous

close window

Exhibit 6

Custom pop art portraits in the style of pop art master Andy Warhol, with Lichtenstein style, retro style and more custom pop art portrait styles to choose from

# P O P O R T

### We create custom fine art portraits from your photos–inspired by
*from Your Photos*
**Andy Warhol and Roy Lichtenstein**–with other contemporary styles.

Customize Your Photos : Ordering Info : Gallery : Cards and Stationary : Limited Edition Prints : Business Opportunities : Satisfied Customers : Special Orders : Contact Us



**About the Artist**
*Daniel W. Smith*

Custom Pop Art
Portrait Styles

**Warhol Style Pop Art**

**Multi-photo Montage**

**All American Portrait**

**Retro Lounge Pop Art**

**Au Naturale**

**Modern Art Style Portraits**

**Pastel Style Portraits**

**Lichtenstein Style Pop Art**



Single-panel
Warhol Style Portrait

Three-panel
Warhol Style Portrait

"All American"
Pop Art Portrait

Four-panel
Warhol Style Portrait

Multi-photo Montage
Photographic-style Pop Art

Retro Lounge
"Tie-dye"



Nine-panel
Warhol Style Portrait



Retro Lounge
"Galaxians"



By far our most popular portrait style, this 4-panel portrait makes a colorful impression. Inspired by pop art master Andy Warhol, the bold graphic style achieves its impact from the repetition of a single hi-contrast subject of varying colorations. To further enhance the vibrance of each portrait, we add a free-form linear white around the subject's silhouette.

You can also add more subjects to your layout to create a couples- or group-portrait. Simply choose the number of additional subjects from the list below and add it to your shopping cart. One additional subject is $20, add two for $35 or three for $50.

2-, 5-, 6- and 12-panel layouts available by Special Order.

SATISFACTION GUARANTEED

Custom pop art portraits in the style of master Andy Warhol, with Lichtenstein style, retro style, retro style and more custom pop art portrait styles to choose from

**Denim Style Portraits**



Placing your order implies acceptance of our Terms and Conditions.

Once you have placed your order you will need to submit your photos to us.



Retro Lounge
"Lounge Lizard"



Retro Lounge
"In the Groove"



Retro Lounge
"Flower Power"



Retro Lounge
...there is no defense...



Au Naturale
At the Beach



Au Naturale
On the River



Au Naturale
Country Lane



Au Naturale
Wildflower Meadow



Au Naturale
Southwest



Au Naturale
Wine Country



Au Naturale
Tea House

Modern Art Style
Portraits



Pastel Style
Portraits

16" x 20" / Enhanced Matte Paper / $140 

16" x 20" / Stretched Canvas / $215 

20" x 24" / Enhanced Matte Paper / $150 

20" x 24" / Stretched Canvas / $235 

20" x 20" / Enhanced Matte Paper / $145 

20" x 20" / Stretched Canvas / $225 

**SUPERIOR FOUR PANEL SETUP**
Four individual 20" x 20" panels
on Enhanced Matte Paper
(one subject per panel) $300 

**SUPERIOR FOUR PANEL SETUP**
Four individual 20" x 20" panels
on Stretched Canvas
(one subject per canvas) $550 

Shipping added at Checkout

6.3125% gross receipts tax added to New Mexico orders

**OPTIONAL:**
**ADD MORE FACES (or objects) to your artwork and create a group portrait or gallery of personal pop art icons:**

One additional subject: $20

Two additional subjects: $35 

Three additional subjects: $50

http://popartportraitsplus.com/12.ol  11/11/3/2007 9:56:17 AM

Custom pop art portraits in the style of pop art music/ Andy Warhol, with Lichtenstein style, retro style and more custom pop art portrait styles to choose from



Lichtenstein Style
Singles/Couples Cartoons

Denim Style
Portraits

Custom pop art portraits in the style of pop art master Andy Warhol, with Liebenstein style, retro style and more custom pop art portrait styles to choose from