JONATHAN S. KITCHEN (STATE BAR NO. 80270)
ALI P. HAMIDI (STATE BAR NO. 191198)
COX, CASTLE & NICHOLSON LLP
555 California Street
10th Floor
San Francisco, CA 94104-1513
Telephone: (415) 392-4200
Facsimile: (415) 392-4250
Email: jkitchen@coxcastle.com
       ahamidi@coxcastle.com

TERRY D. JACKSON, P.C. (GEORGIA BAR NO. 386033)
PRO HAC VICE (pending)
600 Edgewood Avenue
Atlanta, Georgia 30312
Telephone: (404) 659-2400
Facsimile: (404) 659-2414
Email: tdjackson@mindspring.com

Attorneys for Plaintiff
TOM ZITO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TOM ZITO, <br><br> Plaintiff, <br><br> vs. <br><br> JUDITH BELUSHI-PISANO, an individual, individually and as Executrix and Administrator of the Estate of John Belushi; VICTOR PISANO, an individual, individually and as an Administrator of the Estate of John Belushi; the SECOND CHANCE FOUNDATION, a Massachusetts non-profit corporation; and the BELUSHI PISANO GALLERY, a Massachusetts non-profit corporation. <br><br> Defendants. | Case No. C 07 05805 BZ <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\112414v1

CASE NO. C 07 05805 BZ
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, TOM ZITO, and, seeking a trial by jury, complains and alleges against Defendants as follows:

## THE PARTIES

1. Plaintiff Tom Zito ("Plaintiff" or "Zito") is an individual, and a citizen of California resident in Sausalito, Marin County, in the Northern District of California.

2. Defendant Judith Belushi-Pisano ("Belushi-Pisano") is an individual, and a citizen and resident of the Commonwealth of Massachusetts. Belushi-Pisano is sued in this action both individually and in her representative capacity as Executor and Administrator of the Estate of John Belushi.

3. Defendant Victor Pisano ("Pisano") is an individual, and a citizen and resident of the Commonwealth of Massachusetts. Pisano is sued in this action both individually and in his representative capacity as Administrator of the Estate of John Belushi (the "Estate").

4. Defendant The Second Chance Foundation ("Second Chance") is a non-profit organization incorporated under the laws of the Commonwealth of Massachusetts, founded in 1991 on the Island of Martha's Vineyard by Defendants Pisano and Belushi-Pisano principally from the sale of memorabilia from the life of the actor John Belushi ("Belushi").

5. Defendant the Belushi Pisano Gallery (the "Gallery") is a non-profit organization incorporated under the laws of the Commonwealth of Massachusetts in 2005 as a subsidiary of Defendant Second Chance, doing business in Vineyard Haven, Massachusetts, and operated by Judith Pisano, the daughter of Defendants Pisano and Belushi-Pisano.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendants Belushi-Pisano, Pisano, Second Chance, and the Gallery, and each of them, have acted in concert and as agents each for the other, and that at all times mentioned herein there has been such an identity of interests between and among those Defendants that maintaining the fiction of separate and distinct identities would work an injustice.

///

///

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\112414v1

- 1 -

CASE NO. C 07 05805 BZ
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

7. The infringement of Plaintiff's copyrighted works and other torts committed against Plaintiff alleged in this Complaint occurred in the Northern District of California and other locations where the work has been sold, exploited, and copied without authorization or license as provided by the Copyright Act, and the Defendants have derived and continue to derive revenue from the sale, promotion, and distribution of Plaintiff's work in this jurisdiction.

8. Jurisdiction and venue is proper in this Court and is premised upon 28 U.S.C. sections 1331 and 1338(a) arising under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. sections 101 et seq.) and 28 U.S.C. section 1400(a). Federal Copyright Act violations are within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. section 1367. Plaintiff also requests that this Court exercise its supplemental jurisdiction over Plaintiff's state law tort claims pursuant to 28 U.S.C. section 1367.

## FACTUAL ALLEGATIONS

9. In the late 1970s and early 1980s, Plaintiff worked as a journalist and photographer for the Washington Post.

10. As a journalist, Plaintiff interviewed and photographed numerous people, including celebrities and popular icons from the 1960s, 1970s, and 1980s. Included among those interview subjects was Belushi, a personal friend of Plaintiff.

11. In 1978, shortly after the release of the movie starring Belushi entitled "Animal House," Plaintiff interviewed Belushi and wrote a story about him for the Washington Post. Plaintiff also took a photograph of Belushi at his then New York home for use in the article. A true and correct copy of the article (the "Article") is attached as Exhibit 1 to this Complaint, and a true and correct copy of the Belushi photograph (the "Photograph") is attached as Exhibit 2 to this Complaint.

12. When the Article was published, the Washington Post Company included the Copyright © designation to the left of the date on Page 1 on the Friday, September 8, 1978, Final Edition of the Washington Post, in which the work first appeared and was published; the Photograph at Exhibit 2 was attributed to Plaintiff on Page D1 of the Style section of the Post for that day, as then required to afford copyright protection to Plaintiff's photograph of Belushi. See Exhibits 1 & 2.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO
56292\112414v1
- 2 -
CASE NO. C 07 05805 BZ
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL

13. Plaintiff also registered the Photograph with the U.S. Copyright Office, and was assigned Copyright No.VA-1-176-295 (the "Copyright") for the Photograph, prior to any infringement by Defendants. A true and correct copy of the Copyright is attached as <u>Exhibit 3</u> to this Complaint.

14. Shortly after conducting the 1978 interview with Belushi, Plaintiff provided a copy of the Photograph to Belushi for his personal enjoyment, and Belushi and Plaintiff remained friends until Belushi's death in March, 1982.

15. After Belushi's death, Plaintiff is informed and believes that Belushi's personal copy of the Photograph and other personal papers of Belushi came into the possession of Defendant Belushi-Pisano, and subsequently into the possession and control of Defendant Pisano in his individual and representative capacity.

16. In November of 2005 Defendants included a copy of the Photograph, Plaintiff's copyrighted photographic work, in a book titled *Belushi: A Biography*, co-authored by Tanner Colby and Defendant Belushi-Pisano, published by Rugged Land Publishing (the "Biography").

17. The Biography was distributed and sold in the Northern District of California.

18. Defendants also provided a copy of the Photograph to CNN and other media outlets to use in publicizing and marketing the Biography.

19. In December of 2005 a friend of Plaintiff's contacted him and informed him that CNN was showing a copy of the Photograph in its broadcasts, and Plaintiff first learned of the unauthorized use at that time.

20. Plaintiff contacted CNN, Rugged Land Publishing, Tanner Colby and Defendants Pisano and Belushi-Pisano regarding this unauthorized use of his work and the infringement of his Copyright, and has reached a settlement with CNN, Rugged Land Publishing and Tanner Colby involving the infringement of his Copyright and unauthorized exploitation of the Photograph.

21. Defendants refuse to acknowledge their intentional and willful infringement of the Copyright or that Plaintiff has any legal rights to his copyrighted work.

22. Defendants Second Chance and the Gallery have even had the temerity to use the head shot from the Photograph in the logo for the Gallery, and the website for that Gallery, despite

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\112414v1

- 3 -

CASE NO. C 07 05805 BZ
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL

1  Plaintiff's written request that Defendants cease any use of the Photograph. A true and correct copy
2  of images posted on the Gallery's website is attached as <u>Exhibit 4</u>.

3         23.    Defendants Second Chance, the Gallery, Belushi-Pisano and Pisano have also
4  provided copies of or given unauthorized licenses for the use of the Photograph and Copyright to
5  Daniel W. Smith individually and d/b/a popartportraitsplus.com, and Defendants and Smith have
6  derived revenue from the unauthorized use and exploitation of the work and Plaintiff's Copyright
7  including its display on Smith's website. True and correct copies of Belushi images by Daniel W.
8  Smith posted on the Galley's website are attached hereto as <u>Exhibits 5 & 6</u>.

9         24.    Defendants have refused written requests that they cease the infringement of the
10 Copyright, and any unauthorized exploitation of Plaintiff's work that continues through the filing of
11 this Complaint.

12        25.    Defendants have intentionally and willfully infringed the copyrighted work of
13 Plaintiff, and exploited that work to their economic advantage.

14        26.    Defendants have profited from the unauthorized exploitation of Plaintiff's work,
15 including in the Northern District of California.

16        27.    Defendants individually and collectively offer copies of Plaintiff's work for sale
17 in the Biography, and separately through the Estate and third parties yet unknown to Plaintiff.

18        28.    Defendants intentionally, maliciously, and in bad faith, used the Photograph
19 without obtaining a license or requesting permission from Plaintiff for the use of the Photograph, and
20 directly and intentionally infringed upon Plaintiff's Copyright.

21        29.    Inclusion of the Photograph in the Biography and the unauthorized sale of it by
22 Defendants directly and indirectly through third parties in a form that allow those third parties to scan
23 and download Plaintiff's Photograph in digital format, copy it, reproduce it, email it, and otherwise
24 disseminate it, and diminish the value of this rare photograph, is in direct contravention of Plaintiff's
25 express instructions not to use his copyrighted work.

26        30.    As a result of Defendants' infringement of the Plaintiff's copyrighted work, and
27 the dissemination of the Photograph, the value of this rare photograph has been forever diminished
28 and destroyed by Defendants.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\112414v1                                                   - 4 -

CASE NO. C 07 05805 BZ
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL

1  31. Defendants continue to infringe upon Plaintiff's Copyright throughout the United States including the Northern District of California.

## FIRST CLAIM

## INFRINGEMENT OF COPYRIGHT

32. Plaintiff repeats the allegations of paragraphs 1 through 31 of this Complaint as though fully set out here.

33. Plaintiff is the legal owner of the Copyright for the Photograph. The work is registered with the U.S. Copyright Office and Library of Congress as reflected in the copyright documents attached to this Complaint. Defendants have copied, used, promoted, and distributed in the Northern District of California and other locations throughout the United States, Plaintiff's copyrighted work without accounting to Plaintiff for monies owed and due to Plaintiff for the use of the work. Defendants intentionally, maliciously, and fraudulently used the work without obtaining permission or appropriate license for the use of the work as required under the Copyright Act.

34. Defendants continue to distribute, publish, republish, promote, and sell Plaintiff's copyrighted work in digital and other formats that allows purchasers to print copies of the Photograph without compensation to Plaintiff. Plaintiff has not authorized any of the named Defendants in this lawsuit to use his copyrighted work for any purpose.

35. As a result of the Defendants' infringing conduct, in violation of the Copyright Act, Plaintiff has suffered actual damages and continues to suffer damages due to the infringing conduct of the Defendants.

## SECOND CLAIM

## QUANTUM MERUIT AND UNJUST ENRICHMENT

36. Plaintiff repeats the allegations of paragraphs 1 through 35 of this Complaint as though fully set out here.

37. Defendants have profited and continue to profit from the use of Plaintiff's work, without appropriately compensating him for the value of his work. The Defendants' continued exploitation of Plaintiff's work, without any compensation to Plaintiff, acts as an unjust enrichment to Defendants for the unauthorized use of Plaintiff's copyrighted photograph.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\112414v1

- 5 -

CASE NO. C 07 05805 BZ
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL

38. Defendants have not paid Plaintiff monies or otherwise compensated him for the use of his work as required by law.

### THIRD CLAIM

### THEFT BY CONVERSION

39. Plaintiff repeats the allegations of paragraphs 1 through 38 of this Complaint as though fully set out here.

40. Defendants knew that Plaintiff was the person who created and owns the rights to the Photograph, yet they intentionally converted the Photograph to their own use and mutual benefit with the intent to profit from that conversion.

41. Defendants have forever converted the image of this rare photograph, diminishing and destroying the economic value of Plaintiff's property.

42. Defendant Gallery has also misappropriated Plaintiff's image and made it part of the logo and advertisement for the Gallery, and it has been used by artists working with the Defendant Gallery to make infringing derivative works of Plaintiff's Copyrighted photograph for sale and distribution by Defendant Gallery and third parties.

### FOURTH CLAIM

### DECLARATORY/INJUNCTIVE RELIEF

43. Plaintiff repeats the allegations of paragraphs 1 through 42 of this Complaint as though fully set out here.

44. Plaintiff is the registered owner of the Copyright for the Photograph.

45. Defendants obstinately and in violation of the Copyright Act and state law protecting Plaintiff's work, refuse to acknowledge Plaintiff's ownership of the Photograph and his rights to exploit his work and the Copyright for the Photograph. There exists an actual and ongoing controversy between the Parties as to the ownership of the Photograph and Plaintiff's rights to the Photograph and the validity of the Copyright.

46. Plaintiff requests that the Court declare that Plaintiff is the legal owner of the Photograph and Copyright, and enjoin Defendants from exploiting the Photograph and Copyright in any manner.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\112414v1

- 6 -

CASE NO. C 07 05805 BZ
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. That the Court enter a declaration that Plaintiff is the lawful owner of the Photograph and the Copyright;

2. That the Court issue an injunction, enjoining Defendants and all persons acting through them or on their behalf, or in concert with them, from using, reproducing in any form or manner, downloading, imaging, or copying the Photograph, whether in whole or in part, or making works derivative from it in any form or format;

3. For an accounting of the monies and profits made and received by Defendants from the wrongful use and exploitation of Plaintiff's copyrighted work;

4. That Plaintiff recover all compensatory damages, including statutory damages that are appropriate on his Copyright claim and tort claims allowable in law without duplication of damages as provided by law;

5. That Plaintiff recover appropriate attorney's fees and costs for the Defendants' tortious, bad faith, intentional, and fraudulent conduct plead in this lawsuit. Plaintiff seeks his attorneys' fees and costs under both the Copyright Act and on his state law claims;

6. That Plaintiff be awarded appropriate punitive damages against Defendants for their willful, intentional, malicious, and fraudulent conduct, without cap or limitation due to the specific intent to cause harm to Plaintiff as provided under California and federal law interpreting the Copyright Act;

7. For such other equitable and further relief as the Court deems just and proper.

DATED: December 5, 2007

Respectfully submitted,

COX, CASTLE & NICHOLSON LLP

Law offices of TERRY D. JACKSON, P.C.

By: _____
Jonathan S. Kitchen
Attorneys for Plaintiff TOM ZITO

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\112414v1

- 7 -

CASE NO. C 07 05805 BZ
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all matters, claims asserted in the Complaint in this action.

DATED:  December 5, 2007

Respectfully submitted,

COX, CASTLE & NICHOLSON LLP

Law offices of TERRY D. JACKSON, P.C.

By: _____
Jonathan S. Kitchen
Attorneys for Plaintiff TOM ZITO

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\112414v1

- 8 -

CASE NO. C 07 05805 BZ
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL