SETH D. HILTON (SB# 181899)
sdhilton@stoel.com
ROSEMARY A. COLLIVER (SB# 218362)
racolliver@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendants,
JUDITH BELUSHI-PISANO, individually and erroneously sued as the Executrix and Administrator of the Estate of John Belushi; VICTOR PISANO, individually and erroneously sued as an Administrator of the Estate of John Belushi; THE SECOND CHANCE FOUNDATION, a Massachusetts corporation; and BELUSHI PISANO GALLERY, erroneously sued as a Massachusetts nonprofit corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TOM ZITO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JUDITH BELUSHI-PISANO, an individual, individually and as Executrix and Administrator of the Estate of John Belushi; VICTOR PISANO, an individual, individually and as an Administrator of the Estate of John Belushi; THE SECOND CHANCE FOUNDATION, a Massachusetts nonprofit corporation; and BELUSHI PISANO GALLERY, a Massachusetts nonprofit corporation,<br><br>Defendants. | Case No. C 07 05805 BZ<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants Judith Belushi-Pisano, Victor Pisano, The Second Chance Foundation and the Belushi Pisano Gallery (collectively "Defendants") respond as follows to the First Amended Complaint of Tom Zito ("Plaintiff"):

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
-1-
C 07 05805 BLZ
SanFran-227818.1 0013860-00008

## THE PARTIES

1. Defendants are without sufficient information or belief with which to admit or deny the allegations of paragraph 1 and deny them on that basis.

2. Defendants admit paragraph 2.

3. Defendants admit paragraph 3.

4. Defendants admit paragraph 4.

5. Defendants admit that the Belushi Pisano Gallery does business in Vineyard Haven, Massachusetts, but deny the remaining allegations in paragraph 5.

6. Defendants deny paragraph 6.

## JURISDICTION AND VENUE

7. Defendants deny paragraph 7.

8. Defendants deny paragraph 8.

## FACTUAL ALLEGATIONS

9.-12. Defendants admit that Plaintiff interviewed John Belushi in the late 1970s and, at that time, took a photograph of Mr. Belushi at his home in New York City. Defendants admit that the photograph was printed in The Washington Post. Defendants admit that Exhibit 1 is an article about Mr. Belushi written by Plaintiff and published in The Washington Post, and that Exhibit 2 is the photograph taken by Plaintiff, both of which speak for themselves. Defendants are without sufficient information or belief with which to admit or deny the remaining allegations in paragraphs 9 through 12 and deny them on that basis.

13. Defendants admit that Exhibit 3 to the First Amended Complaint is a copy of a web page listing a copyright registration number assigned to a photograph entitled "John Belushi" and claimed by Tom Zito. Defendants further admit that Exhibit 3 states that copyright number VA0001176295 was registered on June 28, 2002. Defendants deny that they infringed any copyright held by Plaintiff. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 13 and deny them on that basis.

14. Defendants admit that Plaintiff gave John Belushi a copy of the subject photograph. Defendants otherwise deny the allegations in paragraph 14.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
SanFran-227818.1 0013860-00008

-2-

C 07 05805 BLZ

15. Defendants admit as to Defendant Judith Belushi Pisano, but otherwise deny.

16. Defendants admit that the book entitled *Belushi: A Biography* included a copy of the subject photograph. Defendants admit that the book was co-authored by Tanner Colby and was published by Rugged Land Publishing. Defendants otherwise deny the allegations in paragraph 16.

17. Defendants are without sufficient information or belief with which to admit or deny the allegations in paragraph 17 and deny them on that basis.

18. Defendants deny paragraph 18.

19. Defendants have insufficient information or belief with which to admit or deny the allegations in paragraph 19 and deny them on that basis.

20. Defendants admit that Ms. Belushi Pisano received a telephone call regarding the use of the subject photograph by CNN, and that Mr. Pisano received a separate telephone call regarding the subject photograph. Defendants admit that Plaintiff, Rugged Land Publishing, and Tanner Colby are parties to a License Agreement and Release. Defendants have insufficient information or belief with which to admit or deny the remaining allegations in paragraph 20 and deny them on that basis.

21. Defendants admit that a copyright registration of a photograph entitled "John Belushi" exists, a copy of which is attached to the Amended Complaint as Exhibit 3. Defendants deny the remaining allegations in paragraph 21.

22. Defendants deny that they used the subject photograph in the Gallery logo and deny that Plaintiff requested that Defendants cease any use of the Photograph in writing, but admit that a version of the subject photograph has appeared on the website for the Gallery. Defendants have insufficient knowledge or belief with which to admit or deny the remaining allegations of paragraph 22 and deny them on that basis.

23. Defendants admit that the Gallery engaged Daniel Smith, an artist, under the work for hire doctrine to create an original work of art based on the photograph, and that posters with the Gallery name thereon and based on that original work of art were produced and sold.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED
COMPLAINT

-3-

C 07 05805 BLZ

SanFran-227818.1 0013860-00008

Defendants admit that Exhibits 5 and 6 speak for themselves. Defendants deny the remaining allegations in paragraph 23.

24. Defendants deny paragraph 24.

25. Defendants deny paragraph 25.

26. Defendants deny paragraph 26.

27. Defendants deny paragraph 27.

28. Defendants deny paragraph 28.

29. Defendants deny paragraph 29.

30. Defendants deny paragraph 30.

31. Defendants deny paragraph 31.

## FIRST CLAIM

## INFRINGEMENT OF COPYRIGHT

32. Defendants reallege and incorporate by reference their responses to paragraphs 1 to 31.

33. Defendants admit that a copyright registration of a photograph entitled "John Belushi" exists, a copy of which is attached to the Amended Complaint as Exhibit 3, the terms of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

34. Defendants deny paragraph 34.

35. Defendants deny paragraph 35.

## SECOND CLAIM

## QUANTUM MERUIT AND UNJUST ENRICHMENT

36. Defendants reallege and incorporate by reference their responses to paragraphs 1 to 35.

37. Defendants deny paragraph 37.

38. Defendants admit that they have not directly paid Plaintiff any monies. Defendants deny the remaining allegations in paragraph 38.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

-4-

C 07 05805 BLZ

SanFran-227818.1 0013860-00008

## THIRD CLAIM

## THEFT BY CONVERSION

39. Defendants reallege and incorporate by reference their responses to paragraphs 1 to 38.

40. Defendants admit that Ms. Belushi Pisano knew that Mr. Zito was the photographer who took the photograph and further admit that a copyright registration of a photograph entitled "John Belushi" exists, a copy of which is attached to the Amended Complaint as Exhibit 3, the terms of which speak for themselves. Defendants deny the remaining allegations in paragraph 40.

41. Defendants deny paragraph 41.

42. Defendants admit that the Gallery engaged an artist under the work for hire doctrine to create an original work of art based on the photograph, and that posters with the Gallery name thereon and based on that original work of art were produced, sold and advertised. Defendants deny the remaining allegations in paragraph 42.

## FOURTH CLAIM

## DECLARATORY/INJUNCTIVE RELIEF

43. Defendants reallege and incorporate by reference their responses to paragraphs 1 to 42.

44. Defendants admit that a copyright registration of a photograph entitled "John Belushi" exists, a copy of which is attached to the Amended Complaint as Exhibit 3, the terms of which speak for themselves. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 44 and deny them on that basis.

45. Defendants admit that a controversy exists between the Parties as to certain rights in the photograph. Defendants deny the remaining allegations in paragraph 45.

46. The allegations in paragraph 46 state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny these allegations.

47. Defendants deny each and every allegation of the Amended Complaint except as specifically alleged above.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

-5-

C 07 05805 BLZ

SanFran-227818.1 0013860-00008

## AFFIRMATIVE DEFENSES

48. Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Personal Jurisdiction)

49. This Court lacks personal jurisdiction over the Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Improper Service of Process)

50. Defendants were not properly served with the summons and complaint under Fed. R. Civ. P. 4.

### THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

60. Plaintiff's First Amended Complaint, and each claim stated therein, fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

61. Plaintiff's Amended Complaint, and each claim stated therein, is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

(Waiver)

62. Plaintiff's Amended Complaint, and each claim stated therein, is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

(Laches)

63. Plaintiff's Amended Complaint, and each claim stated therein, is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

(Preemption)

64. Plaintiff's state law claims are preempted by 17 U.S.C. § 301.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

SanFran-227818.1 0013860-00008

-6-

C 07 05805 BLZ

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Third Party)

65. The alleged damages, if any, occurred solely as a result of an act or omission of a third party other than either an employee or agent of Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (License)

66. Defendants' actions were authorized by Plaintiff under an oral non-exclusive license.

## TENTH AFFIRMATIVE DEFENSE

### (First Sale Doctrine)

67. Defendants' actions were authorized under the first sale doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Release)

68. Plaintiff's actions have released Defendants from any liability to Plaintiff related to their use of the subject photograph.

## TWELFTH AFFIRMATIVE DEFENSE

### (Authorized Third Party)

69. The alleged claims, if any, arose solely as a result of an act or omission of a third party that was authorized by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Standing)

70. Plaintiffs lack standing to bring some or all of the claims asserted.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

71. This court lacks subject matter jurisdiction over the pendant state claims or, if it has such jurisdiction, should decline to exercise it.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

-7-

C 07 05805 BLZ

SanFran-227818.1 0013860-00008

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

72.   The venue in this action is improper.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

A.   That Plaintiff takes nothing by his First Amended Complaint;

B.   That judgment be entered in favor of Defendants;

C.   That the Court award Defendants their attorneys fees and costs, pursuant to 17 U.S.C. § 505.

D.   That the Court award such other and further relief in favor of Defendants and against Plaintiff as it deems just and proper.

DATED: February 25, 2008

STOEL RIVES LLP

By: _____
Attorneys for Defendants

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

-8-

C 07 05805 BLZ

SanFran-227818.1 0013860-00008

# DECLARATION OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City and County of Sacramento and my business address is 980 Ninth Street, 19th Floor, Sacramento, California 95814.

On February 25, 2008, at Sacramento, California, I electronically served the attached document:

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the following parties:

> Jonathan S. Kitchen
> Ali P. Hamidi
> COX, CASTLE & NICHOLSON LLP
> 555 California Street
> 10th Floor
> San Francisco, CA 94104
> Telephone 415-392-4200
> Facsimile 415-392-4250
>
> jkitchen@coxcastle.com
> ahamidi@coxcastle.com

**(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on February 25, 2008, at Sacramento, California.

_____
Pamela Spring