```
 1  JONATHAN S. KITCHEN (STATE BAR NO. 80270)
    ALI P. HAMIDI (STATE BAR NO. 191198)
 2  COX, CASTLE & NICHOLSON LLP
    555 California Street, 10th Floor
 3  San Francisco, CA  94104-1513
    Telephone:  (415) 392-4200
 4  Facsimile:  (415) 392-4250
    Email: jkitchen@coxcastle.com
 5         ahamidi@coxcastle.com

 6  TERRY D. JACKSON, P.C. (GEORGIA BAR NO. 386033)
    PRO HAC VICE (pending)
 7  600 Edgewood Avenue
    Atlanta, Georgia 30312
 8  Telephone: (404) 659-2400
    Facsimile:  (404) 659-2414
 9  Email:  tdjackson@mindspring.com

10  Attorneys for Plaintiff
    TOM ZITO
11

12  ROSEMARY A. COLLIVER (STATE BAR NO. 218362)
    racolliver@stoel.com
13  SETH D. HILTON (STATE BAR NO. 181899)
    sdhilton@stoel.com
14  STOEL RIVES LLP
    900 SW Fifth Avenue, Suite 2600
15  Portland, OR  97204
    Telephone:  (503) 224-3380
16  Facsimile:  (503) 220-2480

17  Attorneys for Defendants,
    JUDITH BELUSHI PISANO, individually and erroneously
18  sued as the Executrix and Administrator of the Estate of John
    Belushi; VICTOR PISANO, individually and erroneously sued
19  as an Administrator of the Estate of John Belushi; THE
    SECOND CHANCE FOUNDATION, a Massachusetts
20  corporation; and BELUSHI PISANO GALLERY, erroneously
    sued as a Massachusetts nonprofit corporation
21
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| TOM ZITO, | Case No. C 07 05805 CW |
| --- | --- |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\118102v1

CASE NO. C 07 05805 CW
JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | JUDITH BELUSHI-PISANO, an individual, individually and as Executrix and Administrator of the Estate of John Belushi; VICTOR PISANO, an individual, individually and as an Administrator of the Estate of John Belushi; the SECOND CHANCE FOUNDATION, a Massachusetts non-profit corporation; and the BELUSHI PISANO GALLERY, a Massachusetts non-profit corporation.<br><br>                    Defendants. |

## I.    JURISDICTION AND SERVICE

### A.    Plaintiff's Statement

Jurisdiction is premised upon 28 U.S.C. sections 1331 and 1338(a) arising under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. sections 101 et seq.) and 28 U.S.C. section 1400(a).  Federal Copyright Act violations are within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. section 1367.  The Court can also exercise its supplemental jurisdiction over Plaintiff's state law tort claims pursuant to 28 U.S.C. section 1367.

All parties have been served.  All defendants have answered the First Amended Complaint.

### B.    Defendants' Statement

#### 1.    Personal Jurisdiction and Venue

Mr. and Ms. Pisano were not properly served with the complaint in this matter as they were never served personally with either a copy of the original or first amended complaint.

Ms. Pisano, admits that through her press trip to Los Angeles to promote the Book, that she may be subject to the personal jurisdiction of California for claims arising from the use of the Photograph in the Book.  However, Ms. Pisano is not subject to such jurisdiction for purposes of the Poster.  Furthermore, even if subject to the jurisdiction of California for the Book, Ms. Pisano contests venue as being improper in this district as she has no contacts with this district as to any use of the Photograph.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\118102v1                    - 1 -                    CASE NO. C 07 05805 CW
                                                           JOINT CASE MANAGEMENT STATEMENT

1    Similarly, Defendants Mr. Pisano, the Foundation and the Gallery dispute that they are subject
2    to the personal jurisdiction of California because they have no contacts at all with the state.
3    Furthermore, even if Defendants were subject to the personal jurisdiction of California, Defendants
4    contest venue as being improper in this district as there has been no contacts with this district as to any
5    use of the Photograph by Defendants.  In addition, Massachusetts has a particular interest in
6    overseeing claims against its non-profit corporations and directors arising out of actions occurring in
7    Massachusetts.

8    **2.    Subject Matter Jurisdiction**

9    All Defendants contest that this Court has subject matter jurisdiction over the state law claims
10   for Quantum Meruit and Unjust Enrichment, Theft by Conversion and Declaratory/Injunctive Relief
11   on several bases.  First, the state law claims for theft and quantum meruit, are preempted by the
12   Federal Copyright Act, and therefore are not subject to the jurisdiction of this Court.  Second, where
13   exercise of jurisdiction over the state claims is discretionary, as pendant to the Federal claims for
14   copyright infringement, Defendants ask this court to refrain from exercising such jurisdiction, because
15   all appropriate relief, if any, can be provided via the Federal claims and taking into account other
16   equitable considerations.

17   **II.    STATEMENT OF FACTS**

18   A.    **Plaintiff's Statement**

19   Plaintiff Tom Zito, a photographer and former journalist for the Washington Post is the
20   legal owner of a copyrighted photograph of the late actor John Belushi.  The photograph is registered
21   with the U.S. Copyright Office and Library of Congress.  Plaintiff asserts that Defendants have
22   copied, used, promoted, and distributed in the Northern District of California and other locations
23   throughout the United States, Plaintiff's copyrighted work without accounting to Plaintiff for monies
24   owed and due to Plaintiff for the use of the work.  The photograph was included in a book co-authored
25   by Defendant Belushi-Pisano.  Defendants also gave a copy of the photograph to an artist who derived
26   revenue from its unauthorized use.
27   Plaintiff asserts that Defendants intentionally, maliciously, and fraudulently used the work
28   without obtaining permission or appropriate license for the use of the work as required under the

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO
56292\118102v1                                    - 2 -                              CASE NO. C 07 05805 CW
                                                                            JOINT CASE MANAGEMENT STATEMENT

Copyright Act. Plaintiff further asserts that Defendants continue to distribute, publish, republish, promote, and sell Plaintiff's copyrighted work in digital and other formats that allows purchasers to print copies of the Photograph without compensation to Plaintiff. Plaintiff has not authorized any of the named Defendants in this lawsuit to use his copyrighted work for any purpose.

B. **Defendants' Statement**

In or about 1978, Plaintiff, Tom Zito, an employee of the Washington Post, ("Plaintiff") took a photograph of the actor John Belushi ("Mr. Belushi") that was published in the Washington Post newspaper on Friday, September 8, 1978 (the "Photograph"). After taking the Photograph, Plaintiff gave Mr. Belushi a copy of it and told him that he could do whatever he wanted with it, thereby granting Mr. Belushi an oral non-exclusive license to use the Photograph.

On or about March 5, 1982, Mr. Belushi died in Los Angeles, California. Defendant, Judith Belushi-Pisano ("Ms. Pisano") was the spouse of Mr. Belushi at the time the Photograph was taken and at the time of his death. Ms. Pisano was residing in New York with Mr. Belushi at the time of his death. Ms. Pisano now resides in Massachusetts where she has been for the past 22 years. All assets of Mr. Belushi's estate passed to Ms. Pisano upon Mr. Belushi's death. In 1991, The Second Chance Foundation (the "Foundation"), a non-profit organization was founded. Defendants Ms. Pisano and Victor Pisano (Ms. Pisano's second husband) are directors of the Foundation. The mission of the Foundation is to provide financial relief, goods and services to both individuals experiencing personal or financial hardships and for non-profit community organizations, as well as to foster appreciation for the arts. The Foundation's activities are focused in Martha's Vineyard, Massachusetts.

Prior to November of 2005, Ms. Pisano granted permission to Rugged Land Publishing to use the Photograph in a book entitled "Belushi: A Biography" (the "Book") that was co-authored by Tanner Colby ("Mr. Colby"). Ms. Pisano did a promotional tour for the Book that included an event in Los Angeles, including telephone interviews, and an appearance of the Book and Photograph on CNN news. Around the same time the Foundation hired artist, Dan Smith, on a work for hire basis, to create an original work of art, similar to an iconoclastic Warhol painting, using the Photograph. From this Painting, posters were made and distributed through the art gallery, defendant Belushi Pisano

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\118102v1    - 3 -    CASE NO. C 07 05805 CW
JOINT CASE MANAGEMENT STATEMENT

Gallery, a "dba" of the Foundation (the "Gallery"), and all revenues are credited to the Foundation. The painting and the posters are collectively referred to herein as the "Poster."

During Ms. Pisano's press trip to Los Angeles, in late 2005, she was contacted via phone by an individual that claimed to be a friend of Plaintiff. This individual told Ms. Pisano that Plaintiff had seen the photo on CNN, but that Plaintiff had no problems with Ms. Pisano's use of the Photograph, however, was "very angry" with CNN for airing a copy of the Photograph. Nearly one year later, Ms. Pisano noticed on an accounting statement for the Book that Rugged Land Publishing had paid out one thousand dollars to Plaintiff and charged the payment against Ms. Pisano's royalties. When Ms. Pisano inquired as to the payment she was told the "it wasn't worth the hassle." After the present suit was filed it was discovered that Plaintiff and Rugged Land Publishing entered into a settlement, release and license agreement with regard to the use of the Photograph in the Book.

At no time did Plaintiff contact Mr. Belushi or his estate to revoke the oral non-exclusive license granted in 1978.

At no time did Mr. Pisano play any part in Ms. Pisano granting permission for the Book and no contact with Rugged Land Publishing, Mr. Tanner or Plaintiff regarding use of the Photograph.

In or about November of 2007, Plaintiff filed the present suit and, upon learning of the suit, Ms. Pisano ceased all exploitation of the Book and the Poster. The total net profits to date from the Poster total $450.00 and no net profits have been identified from the Book.

When serving process for the present matter, neither Mr. nor Ms. Pisano were served personally, instead a copy of the original complaint (but not the first amended complaint) was left at the gallery with an employee. There was no other service made.

### III.    LEGAL ISSUES

A.    **Plaintiff's Statement of Issues**

1.    Whether Plaintiff provided Defendants with any form of license to use the photograph.

2.    Whether Defendants' use of the photograph was unauthorized.

3.    Whether Defendants' use of the photograph was willful.

4.    Whether Defendants' use of the photograph amounted to conversion.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO
56292\118102v1                    - 4 -                    CASE NO. C 07 05805 CW
JOINT CASE MANAGEMENT STATEMENT

B. **<u>Defendants' Statement of Issues</u>**

1. Whether Plaintiff has standing in this matter.

2. Whether Ms. Pisano was heir to an oral non-exclusive license granted to Mr. Belushi by Plaintiff.

3. Whether Ms. Pisano's use of the Photograph was consistent with her rights under the oral non-exclusive license.

4. Whether, with regard to the Book, the Settlement, Release and License Agreement, granted to Rugged Land Publishing, exculpate Defendants from any liability for use of the Photograph in the Book.

5. Whether Plaintiff's agent waived Plaintiff's rights to make a claim against Defendants, if any claims exist, based on his statement to Ms. Pisano that Plaintiff did not take issue with Ms. Pisano's use of the Photograph during the telephone call while Ms. Pisano was in Los Angeles.

6. Whether Plaintiff's delay of over one year from the date of the telephone call referenced in #4, within which time the Book and Poster continued to be sold, constitutes laches.

7. Whether, if Defendants, or any of them, are found to have committed an infringement of Plaintiff's copyrights, Defendants' actions were willful or innocent and the proper measure of damages.

8. Whether the claim against Ms. Pisano relating to the Book is barred by the statute of limitations due to the fact that her acts of authorization were committed more than three (3) years before this suit was filed.

## IV.    MOTIONS

At this point in time, Plaintiff does not anticipate filing any motions, but reserves the right to do so upon completion of the discovery phase. Defendants intend to file a motion for summary judgment if the mediation is not successful.

## V.    AMENDMENT OF PLEADINGS

Plaintiff does not anticipate amending the pleadings. Defendants intend to amend the Answer to the First Amended Complaint to state an affirmative defense based on the running of the statute of limitations.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\118102v1          - 5 -          CASE NO. C 07 05805 CW
JOINT CASE MANAGEMENT STATEMENT

## VI. EVIDENCE PRESERVATION

Counsel for the parties have given and received mutual assurances that all relevant evidence has been preserved.

## VII. DISCLOSURES & DISCOVERY

The parties have cooperated and engaged in informal discovery since the filing of the Complaint. The parties have also agreed to participate in an early mediation in the hopes of reaching a quick resolution short of protracted litigation. Given the possibility of settlement at the mediation, the parties respectfully request that the Court stay all discovery, including compliance with initial disclosures under Fed. R. Civ. Proc. 26, until 30 days after mediation, in the event that mediation proves to be unsuccessful.

## VIII. CLASS ACTIONS

Not applicable.

## IX. RELATED CASES

There are no related cases.

## X. RELIEF

### A. Plaintiff's Statement

Plaintiff requests the following:

1. That the Court enter a declaration that Plaintiff is the lawful owner of the Photograph and the Copyright;

2. That the Court issue an injunction, enjoining Defendants and all persons acting through them or on their behalf, or in concert with them, from using, reproducing in any form or manner, downloading, imaging, or copying the Photograph, whether in whole or in part, or making works derivative from it in any form or format;

3. For an accounting of the monies and profits made and received by Defendants from the wrongful use and exploitation of Plaintiff's copyrighted work;

4. That Plaintiff recover all compensatory damages, including statutory damages that are appropriate on his Copyright claim and tort claims allowable in law without duplication of damages as provided by law;

5. That Plaintiff recover appropriate attorney's fees and costs for the Defendants' tortious, bad faith, intentional, and fraudulent conduct plead in this lawsuit. Plaintiff seeks his attorneys' fees and costs under both the Copyright Act and on his state law claims;

6. That Plaintiff be awarded appropriate punitive damages against Defendants for their willful, intentional, malicious, and fraudulent conduct, without cap or limitation due to the specific intent to cause harm to Plaintiff as provided under California and federal law interpreting the Copyright Act.

**B.   Defendants' Statement**

Defendants request the following:

1. That Plaintiff takes nothing by his First Amended Complaint;
2. That judgment be entered in favor of Defendants;
3. That the Court award Defendants their attorneys fees and costs, pursuant to 17 U.S.C. § 505; and
4. That the Court award such other and further relief in favor of Defendants and against Plaintiff as it deems just and proper.

## XI.   SETTLEMENT AND ADR

On March 4, 2008, the parties entered in the Stipulation and [proposed] Order Selecting ADR Process and agreed to mediation. On or about the same date, the parties provided the ADR Unit with the names of 6 possible neutrals and requested to be sent to mediation on March 19, 2008. However, the Court has yet to refer the matter to mediation. The parties are prepared to participate in mediation upon receiving the Court Order referring the matter to mediation.

## XII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff does not consent to have a magistrate judge conduct all further proceedings which would include trial and entry of judgment. Defendants are open to the use of a magistrate.

## XIII.   OTHER REFERENCES

This matter is not be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\118102v1                                  - 7 -                          CASE NO. C 07 05805 CW
                                                                    JOINT CASE MANAGEMENT STATEMENT

## XIV. NARROWING OF ISSUES

There is a possibility that the issue of legal ownership of the photograph can be narrowed by agreement between the parties, in the event that the case is not resolved at mediation. Defendants are also hopeful that the parties may be able to narrow the list of parties to only Judith Belushi Pisano and The Second Chance Foundation, and narrow the list of claims to exclude those preempted either by agreement or by a motion for summary judgment.

## XV. EXPEDITED SCHEDULE

This case can be handled on an expedited basis with streamlined procedures, in the event it does not settle at mediation.

## XVI. SCHEDULING

The parties respectfully request that they be ordered to mediation to be completed in the next 90 days. The parties further request that the Case Management Conference scheduled for March 18, 2008 be continued for 90 days. In the event that the matter is not resolved at mediation, the parties shall provide the Court with a proposed schedule at the next scheduled Case Management Conference.

## XVII. TRIAL

Plaintiff requests a jury trial, with an expected length of 4-5 days. Defendants request a bench trial.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties shall comply with Civil Local Rule 3-16.

## XIX. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

None at this time.

DATED: March 11, 2008

Respectfully submitted,

COX, CASTLE & NICHOLSON LLP
Law offices of TERRY D. JACKSON, P.C.

By: /s/ Jonathan S. Kitchen
Jonathan S. Kitchen
Attorneys for Plaintiff TOM ZITO

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO
56292\118102v1
- 8 -
CASE NO. C 07 05805 CW
JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| DATED: March 11, 2008 | STOEL RIVES LLP |
| | By: /s/ Rosemary A. Colliver |
| | Rosemary A. Colliver |
| | Attorneys for Defendants JUDITH BELUSHI PISANO, VICTOR PISANO, THE SECOND CHANCE FOUNDATION and BELUSHI PISANO GALLERY |

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

56292\118102v1

- 9 -

CASE NO. C 07 05805 CW
JOINT CASE MANAGEMENT STATEMENT